# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**RENEE WILLIS,**
**Claimant Below, Petitioner**

**FILED**

**November 2, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-0379** (BOR Appeal No. 2052268)
                    (Claim No. 2017028070)

**WV PARKWAYS ECON DEVELOPMENT & TOURISM AUTHORITY,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Renee Willis, by Reginald D. Henry, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. WV Parkways Econ Development & Tourism Authority, by Steven K. Wellman, its attorney, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on June 19, 2017. The Office of Judges affirmed the decision in its October 20, 2017, Order. The Order was affirmed by the Board of Review on March 26, 2018. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Willis, a toll taker, alleges that she developed radial tunnel syndrome and posterior interosseous nerve syndrome as a result of her job duties. Prior to the report of injury, in a May 16, 2017, letter to Ms. Willis, Steven Maynard informed her that she was 50.63 hours short of having leave to cover her absences and had been on unauthorized leave. It was noted that she had written to the manager to request unpaid leave through April 20, 2017. Mr. Maynard stated that the employer had concerns as she had not followed the proper procedure for requesting leave. This was job abandonment and she was subject to dismissal.

1

Ms. Willis sought treatment from Nathan E. Doctry, M.D., on May 22, 2017. His notes indicate Ms. Willis was seen for low back pain that had been present for years but had worsened in the prior few months. She also had neck pain that had been present for three years. Dr. Doctry noted that she was a toll taker and had repetitive motion of the right forearm, elbow, and arm. Ms. Willis reported right arm pain that worsened with activity. Dr. Doctry diagnosed radial tunnel syndrome. Ms. Willis was next treated on June 9, 2017, at which time Dr. Doctry noted that she was to remain off of work until June 20, 2017. On June 20, 2017, she was reevaluated. Ms. Willis reported that her pain had increased. Dr. Doctry again diagnosed radial tunnel syndrome. She was to rest her right arm and could do moderate work duties if accommodations were made.

The claims administrator rejected the claim on June 19, 2017. It stated that it found sufficient inconsistencies in the record to conclude that Ms. Willis was not injured in the course of and resulting from her employment. Also, there was no medical evidence to support a work-related injury.

An employee's and physician's report of injury was completed on June 20, 2017. Dr. Doctry completed the physician's section and stated that he began treating Ms. Willis for an occupational injury on May 22, 2017. Ms. Willis could return to modified duty with no repetitive movement of the right arm and no lifting over a pound. The diagnoses were listed as radial tunnel syndrome, posterior interosseous nerve syndrome, cervical strain, and thoracic strain. Ms. Willis returned to Dr. Doctry on July 17, 2017, with continued pain in her shoulder and forearm as well as numbness and tingling in her hand. Dr. Doctry noted that her arm needed six months of rest and she had so far rested it for eight weeks. On September 12, 2017, Dr. Doctry indicated Ms. Willis had seen no improvement. She told Dr. Doctry that an EMG had shown carpal tunnel syndrome and neuropathy. Dr. Doctry told Ms. Willis he would only provide another four weeks of disability.

An affidavit was completed by Sherry Lilly, human resources manager, on September 18, 2017. Ms. Lilly stated that Ms. Willis's job attendance record indicates she missed 29% of her scheduled work in 2015, 85% in 2016, and 84% in 2017. She was terminated for her lack of attendance in January of 2017 but reinstated in March of 2017. Rose Legg, claims adjuster, also completed an affidavit in which she stated that Ms. Willis had fallen on ice six years prior and struck her head. It was at this point that most, if not all, of her orthopedic complaints started. Ms. Willis reported that none of the symptoms improved after the fall, even after a long absence from work. Also, she had not completed a report of injury yet for the injury at issue. Dr. Doctry had completed the physician's section, but Ms. Willis's section was left blank.

Ms. Willis testified in a hearing before the Office of Judges on September 21, 2017, that her job duties require her to reach toward a car with her left hand to collect money, push a button on a screen twice with her right hand, and make change with both hands. She alleged that she developed pain in her right forearm, aching in the elbow and shoulder, and tingling and numbness in her right hand. Ms. Willis stated that she first noticed symptoms three years prior. She admitted to falling six years prior but denied injuring her right extremity.

The Office of Judges affirmed the claims administrator's rejection of the claim in its October 20, 2017, Order. It found that Ms. Willis did not work regularly enough prior to the May of 2017 diagnosis of radial tunnel syndrome and posterior interosseous nerve syndrome for work to be the cause of the conditions. Further, Dr. Doctry's opinion was not sufficient enough to establish compensability of the claim. The Office of Judges looked to two medical articles submitted into the record. The first, from Cleveland Clinic, indicates that radial tunnel syndrome can cause fatigue and weakness in the forearm muscles; however, it does not cause tingling or numbness in the arm. The Office of Judges found that Ms. Willis testified that she had had pain in her forearm and elbow since 2014, but the Office of Judges found no evidence to support her assertion. Further, the record shows that she did not work as a toll collector from July of 2016 through February of 2017. From December of 2015 through February of 2017, she only worked thirty-nine days. Given the lack of forceful movements or twisting motions, causes of radial tunnel syndrome, from July of 2016 through February of 2017, the Office of Judges concluded that if Ms. Willis suffered from radial tunnel syndrome starting in 2014, she should have recovered by October of 2016. The Office of Judges also found a conflict between the time Ms. Willis alleges the symptoms started, 2014, and the time Dr. Doctry noted the symptoms had persisted, which was noted as months, not years. If Dr. Doctry is correct about the onset time, the Office of Judges found that the symptoms started during a time that Ms. Willis was not working and therefore had no occupational exposure. The Office of Judges further determined that the lack of improvement in her symptoms, given the time she took off of work, is not consistent with radial tunnel syndrome as the condition should have improved. Ms. Willis testified at the hearing that her symptoms had shown no improvement.

The Office of Judges also determined that the diagnosis of radial tunnel syndrome is questionable given Ms. Willis's other reported symptoms. Specifically, she reported the muscles on the right side of her shoulder blade locking up with spasms, shoulder weakness, and pain in her back on the right side. Also, an EMG showed carpal tunnel syndrome and neuropathy of the right arm. Given the evidence of record, the Office of Judges found Dr. Doctry's diagnoses of occupationally related radial tunnel syndrome and posterior interosseous nerve syndrome to be unreliable. Dr. Doctry included in his diagnosis the conditions of cervical and thoracic strain, neither of which are related to the injury at issue. Additionally, there is no evidence that Dr. Doctry was aware of Ms. Willis's time off of work or the fact that she was only exposed to repetitive movements for thirty-nine days from December of 2015 through February of 2017. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on March 26, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Radial tunnel syndrome and posterior interosseous nerve syndrome are conditions that result in entrapment of the radial nerve caused by over use of the arm to push and pull and repetitive over use of the hand to grip, pinch, and pull. The evidence of record indicates that Ms. Willis did not develop these conditions as a result of her job duties. Her job required her to use her right hand to touch a screen and make change. Further, she missed 29% of her scheduled work in 2015, 85% in 2016, and 84% in 2017. It was therefore logical for the Office of Judges to conclude that she did not work enough days to cause a repetitive use injury to her right arm.

3

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** November 2, 2018

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating.